MARÍA CLEMENCIA ESPINA, Petitioner, *v.* JOSÉ M. CALDERÓN, JR., SUPERIOR JUDGE, Respondent; HEIRS OF ESPINA, Interveners.

No. 475. Argued June 4, 1953.—Decided June 30, 1953.

---

[5] See also Act No. 411 of May 11, 1951 (Sess Laws, p. 1094); likewise the amendment to § 327 of the Code of Civil Procedure.

*L. Santiago Carmona* for petitioner. *José M. Calderón, Jr., pro se. G. Rivera Cestero* for intervener.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On March 6 of this year, María Clemencia Espina filed in this Court a petition for mandamus, in which she asks us to order the Hon. José M. Calderón, Jr., Judge of the Superior Court, to decide case No. 2997 of the former Dis-

trict Court of Bayamón.[1] In its petition it is essentially alleged that the aforesaid case was heard by the respondent while the latter was a judge of the said court, about February 13, 1945; that although that case had not yet been decided, when the respondent ceased as judge of that court, he was shortly thereafter appointed Judge of the District Court of San Juan; that she went to Judge Gallardo, the respondent's successor as Judge of the District Court of Bayamón, requesting him to decide the aforesaid case, to which the latter replied that in order to decide it he needed the stenographic record; that being under the impression that the attorney for the heirs would agree to sign a stipulation approving the transcript of evidence, petitioner's counsel ordered the preparation of said transcript and when it was ready petitioner asked said attorney to sign the stipulation, but he excused himself stating that such authorization had to be given by his client and that the latter objected to the case being submitted for decision to Judge Gallardo, for which reason that Judge refused to take cognizance thereof; that petitioner's attorney wrote to the Attorney General and to the Governor of Puerto Rico for the purpose of having respondent decide the case in question, that respondent stated that he was willing to do so if it was submitted to him with the transcript of the evidence; that finally the respondent "decided that he had no jurisdiction because this matter had to be submitted by mutual agreement of the parties and a copy of the stenographic record had not been served on the adverse party," and that the truth was that Judge Calderón "heard this case nearly 8 years ago and has had the stenographic record in his possession for a long time."

Since the Rules of Civil Procedure are applicable to mandamus proceedings—see Rule 81 (*a*) and *Martínez* v. *Morales*, 72 P.R.R. 200—on that same day we issued a sum-

---

[1] Case No. 2997, *supra*, is an action of filiation and is entitled María Clemencia Espina, etc., *v.* Heirs of Francisco Espina Rivera, composed of his widow Amelia Díaz and of his children Héctor Francisco, Elsa and Amelia Espina Díaz.

mons to the respondent, ordering him to appear to defend himself within the statutory period and apprising him that in default thereof judgment would be entered granting the relief prayed by the petitioner.

The respondent Judge timely filed an extensive answer, specifically alleging therein that the writ prayed for does not lie because the petitioner has not moved for the consideration of the order of February 10, 1953, or that it be set aside in whole or in part; since there are available to the petitioner adequate remedies in the ordinary course of the law, such as appeal, certiorari, etc.; inasmuch as he was appointed District Judge of Bayamón on January 26, 1945, and held that position until the following June 15, when he ceased as such, the aforesaid case having been heard on the aforesaid date, but that it was not until June 7, 1945, that is, 8 days before he ceased as Judge of that court, that the case was submitted to him for decision; that sometime after ceasing as District Judge of Bayamón he was appointed Assistant Attorney General and Court Administrator, which position he held until May 8, 1947; and that on May 9 of that year he was appointed Judge of the District Court of San Juan, which position, by virtue of subsequent legislation, became at first Judge of the District Court of Puerto Rico and later, Judge of the Superior Court of Puerto Rico,[2] which is the position he now holds; that ever since 1949 he wrote to the Attorney General of Puerto Rico that he had no objection to decide the aforesaid case if the parties stipulated to submit it to his consideration and send him the transcript of the evidence, having been at all times willing to do so provided said conditions were complied with; that on December 5, 1951, the petitioner filed a motion praying that the case be decided and six days later he set January 10, 1952, to hear that motion; that on December 18 the petitioner filed a so-called motion for reconsideration, which was

---

[2] See Act No. 432 of May 15, 1950 (p. 1126) and Act No. 11 of June 24, 1952 (Spec. Sess. Laws, p. 30).

set to be heard on January 18 next; that on January 10 the heirs appeared alleging that they had not been notified of the motion of December 18 and, furthermore, that there was another motion set for January 18, and in view of that situation the hearing was transferred for the day last mentioned, on which date the plaintiff appeared represented by another attorney, because her attorney of record was ill, and the defendants by their attorney; that the parties agreed to regard the so-called motion for reconsideration filed by the plaintiff on December 18, 1951, as a motion for judgment, and he then gave ten alternate days to the parties for the filing of separate memoranda; that such memoranda were not filed and on February 10, 1953,[3] he concluded that he could not decide the aforesaid civil case 2997 because the parties had not stipulated to submit it again to him for decision, citing *Gilormini* v. *Heirs of Padilla*, 63 P.R.R. 580. The respondent also alleged in his answer that the case in question is in the San Juan Part of the Superior Court of Puerto Rico by virtue of an order entered on May 10, 1951, by the Hon. Fernando Gallardo Díaz, pursuant to a suggestion made to him by this Supreme Court in *Rivera* v. *District Court*, 71 P.R.R. 893, 902.

The heirs moved to intervene. Similarly to the way

---

[3] The order entered on February 10, 1953, by the respondent judge is set forth in the record and recites:

"The plaintiff filed a motion for reconsideration before the undersigned Judge, it being later explained that the said motion was intended to have the trier decide the case on its merits considering that he tried it in Bayamón while being Judge of that court. It is, therefore, a motion filed by the plaintiff and not a stipulation submitted by both parties.

"Counsel for the defendants object to the petitioner's proposition to submit this case on the stenographic record filed in the record and a copy of which has not been served on them.

"Both parties offered to file a memorandum in support of their respective contentions which they had not done to this date.

"As one of the parties does not consent to the case being submitted on the stenographic record, in accordance with *Gilormini* v. *Heirs of Padilla*, 63 P.R.R. 580, we cannot decide it in harmony with plaintiff's contention.

"In view of the foregoing reasons the request is overruled."

respondent did, their motion was accompanied by an extensive writing in which they answered specifically each and every one of the allegations of the petition. We granted the intervention and ordered that the answer filed by the intervener remain in the record.

The case was heard on June 4 of this year. The plaintiff submitted it on the memorandum and the documents attached thereto, while the respondent Judge, as well as the intervener's attorney, appeared and argued orally.

■■ It is true that we have often held that ordinarily mandamus does not lie unless petitioner alleges that he has made demand upon the respondent officer or body to act in the manner sought to be ordered—*Suárez* v. *District Court*, 65 P.R.R. 799 and cases cited at p. 806—but it was unnecessary in this case to allege such demand in so many words, inasmuch as the contents of the petition clearly disclose that the respondent was requested to decide the case in question and that his refusal to do so was precisely what gave rise to the filing of the petition now before us. Nor was it necessary to move for the reconsideration of the order of refusal. Such action would have been idle, since the respondent was perfectly aware of what was intended and had repeatedly expressed himself in terms similar to those contained in his order.

As already noted, inasmuch as respondent ceased in his position as District Judge of Bayamón, he could not decide the case of filiation above mentioned. When he was appointed to the administrative position in the office of the Attorney General which he held until May 8, 1947, he could have decided the case if he had been appointed as Acting Judge of the District Court of Bayamón and if it had submitted to him by stipulation of the parties. However, to decide the case under such conditions would have been discretionary on his part. *Gilormini* v. *Heirs of Padilla, supra*. When on May 9, 1947, he was designated Judge of the District Court of San Juan, his position concerning the

aforesaid case was similar to that existing when he was discharging the administrative position referred to, that is, since he was not the District Judge of Bayamón, he could only decide it under the conditions stated. And when subsequently and by virtue of Act No. 432 of May 15, 1950, p. 1126, the Judiciary Act of Puerto Rico was approved and the territory of this Island was constituted into a single judicial district, the respondent Judge had discretion, just as he now has, under Act No. 11 of the Judiciary of the Commonwealth of Puerto Rico of July 24, 1952 (Spec. Sess. Laws, p. 30), to likewise decide the aforesaid case but it was not his ministerial duty to do so. *A contrario sensu,* when he was discharging the aforesaid administrative position in the office of the Attorney General as well as when he subsequently discharged the positions of Judge of the District Court of San Juan, of Judge of the District Court of Puerto Rico, San Juan Section, and of Judge of the Superior Court of Puerto Rico, San Juan Part, he was under no ministerial duty whatsoever to decide the case in question. He was under such ministerial duty only when he was District Judge of Bayamón. And we know that the respondent ceased in that position on June 15, 1945. The respondent is at present, insofar as that case is concerned, in the same position as any other Superior Judge to whom the case might be submitted for decision on the record.

　　　　As a general rule, the judge who has heard a case should be available to decide same. *Cf. People* v. *Soto,* 73 P.R.R. 52. No one is in a better position than he to decide it, since he has been able to observe the manner how the witnesses testify and has noticed their behavior in the stand. Of course, in order that such manner of testifying and such behavior may be properly considered by the trier, it is always convenient and desirable that the cases be decided promptly.[4] If before a case is decided, a considerable length

[4] Rule No. 10 of the Rules of Administration for the Court of First Instance of the Commonwealth of Puerto Rico provides that:

of time elapses, the probabilities are that the trier has heard in the interim a large number of cases of a different nature, and has forgotten, not only the testimony of the witnesses heard by him in the case, but also their behavior while testifying and the credit each one deserved. In such cases the trier is almost in the same position as any other judge to whom a matter is submitted for decision on the transcript of the evidence.

If after the respondent ceased as District Judge of Bayamón the petitioner was unable to have him decide the case —by an appointment as substitute judge and submitting the case by stipulation—she could have easily requested to have the case heard again by any other appointed judge.[5] However, although she alleges having taken certain administrative steps with a view to obtaining the decision of the case, she never availed herself of a remedy which at that time would have been easily obtained—a new trial—which would have culminated in the prompt disposition of the case.[6] Mandamus does not lie when the petitioner may have availed himself of other remedies. *Suárez* v. *District Court*, 65 P.R.R. 799, 807; *Peña* v. *Flores*, 58 P.R.R. 773; *Montalvo* v. *Teatro Caborrojeño*, 35 P.R.R. 718; *People* v. *Arrillaga*, 30 P.R.R. 932; *Quiñonez* v. *Foote and Ana María Sugar Co.*, 23 P.R.R. 325; *Ortiz* v. *Muñoz*, 19 P.R.R. 809; *Giménez* v. *District Court of San Juan*, 9 P.R.R. 301.

---

"Except when a longer period is necessary because of the nature of the case or some extraordinary circumstance, all cases tried on the merits shall be decided within forty-five (45) days and all other judicial matters within fifteen (15) days from the date on which the matter was submitted to the Court."

[5] We say this because the petitioner alleged that the appointed Judge of the District Court of Bayamón refused to decide the case because the parties did not want to submit it to him by stipulation.

[6] In answer to the respondent's and the intervener's contention that the petitioner herein could appeal from the order of February 10, 1953, we do not think that such order of refusal is appealable. See § 295 of the Code of Civil Procedure.

On the other hand, we also add that the issuance of a writ of certiorari is always discretionary.

██ Mandamus only lies to compel the fulfillment of a duty imposed by law, that is, a "ministerial" duty. *People v. La Costa, Judge,* 59 P.R.R. 178; *Rodríguez v. García et al.,* 35 P.R.R. 350; *Pagán v. Towner,* 35 P.R.R. 1; *People v. Arrillaga, supra; Pacheco v. Cuevas Zequeira,* 27 P.R.R. 192. The respondent is at present, insofar as that case is concerned, under no duty imposed on him by law. Were he to decide that case, he would do so only in the exercise of his discretion, after the transcript of the evidence and the judgment roll were submitted to him, together with a stipulation of the parties requesting him to decide it. That would be, we repeat, a discretionary act on his part, and it is known that mandamus does not lie when the respondent has discretion to perform the act which he has been requested to perform. *Rodríguez v. García et al., supra; Pacheco v. Cuevas Zequeira, supra.*

██ Furthermore, the writ prayed for only lies when the right of the petitioner is clear. *Balasquide v. Luján* 45 P.R.R. 548; *Succrs. of A. Mayol & Co., Inc. v. MacLeod,* 44 P.R.R. 32. In this case it is not.

The petition is denied.

